**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APRIL SZYKERUK ) <br> SAID DANDOUNE  (A#95-959-858),  ) <br>                                        ) <br>                   Plaintiffs,       ) <br>         v.                             ) <br>                                        ) <br> ALBERTO R. GONZALES, Attorney General of ) <br> the United States; MICHAEL CHERTOFF,   ) <br> Secretary of the Department of Homeland Security; ) <br> EMILIO GONZALEZ, Director, United States ) <br> Citizenship and Immigration Services; ANDREA ) <br> QUARANTILLO, District Director of United States ) <br> Citizenship & Immigration Services, Department of ) <br> Homeland Security; UNITED STATES       ) <br> DEPARTMENT OF JUSTICE; UNITED STATES ) <br> DEPARTMENT OF HOMELAND SECURITY; ) <br> UNITED STATES CITIZENSHIP &           ) <br> IMMIGRATION SERVICES; ROBERT          ) <br> MUELLER III, Director, Federal Bureau of ) <br> Investigation,                          ) <br>                                        ) <br>                   Defendants.          ) | Civil Action No. 07-cv-6184 (SHS) <br> "ECF Case" <br><br><br><br><br> COMPLAINT FOR WRIT IN <br> THE NATURE OF MANDAMUS <br> TO COMPEL ADMINISTRATIVE <br> ACTION |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF**

**MANDAMUS TO COMPEL ADMINSTRATIVE ACTION**

COME NOW Said Dandoune and April Szykeruk in the above-styled and numbered

cause, and for cause of action would show unto the Court the following:

1.      This action is brought against the Defendants to compel action on Form I-130 Petition for

Alien Relative and Form I-485 Application to Adjust Status, which have been properly

filed by Plaintiffs.  The I-130 petition and I-485 application were filed and remains

within the jurisdiction of the Defendants, who have improperly withheld action on said

petition and application to the Plaintiffs' detriment.

# I. PARTIES

**A.    Plaintiffs**

2.    Plaintiff Said Dandoune is a native and citizen of Morocco.  Plaintiff April Szykeruk, a

native-born citizen of the United States, is the spouse of Said Dandoune.  They have been

married since January 24, 2003 and currently reside together at 28-21 33rd Street, Apt.

4D, Long Island City, New York.

**B.    Defendants**

3.    Defendant ALBERTO GONZALES, the Attorney General of the United States of

America, is charged with the administration and enforcement of the Immigration and

Nationality Act, and all other laws relating to the immigration and naturalization of

aliens.  INA § 103(a)(1). Defendant Gonzales is sued in his official capacity.

4.    Defendant MICHAEL CHERTOFF is the Secretary of the U.S. Department of Homeland

Security (hereinafter, "DHS").  As of March 1, 2003, DHS is the agency responsible for

implementing the Immigration and Nationality Act.  Defendant Chertoff is sued in his

official capacity.

5.    Defendant ANDREA QUARANTILLO is the District Director of the U.S. Citizenship

and Immigration Services for the New York District Office, and is designated by statute

to grant or deny any application or petition submitted to the U.S. Citizenship &

Immigration Services, New York District Office, relating to the relief requested by

Plaintiffs.  Plaintiffs were interviewed relating to their I-130 petition and I-485 adjustment application by the New York District Office, whose principal office is 26 Federal Plaza, New York, New York 10278.  Defendant Quarantillo is sued in her official capacity.

6.      Defendant ROBERT COWAN is the District Director of the National Benefits Center of the U.S. Citizenship and Immigration Services.  The National Benefits Center (hereinafter, "NBC") is responsible for completing pre-interview processing of certain types of petitions and applications.  Defendant Cowan is the official with whom Plaintiffs' I-130 petition and I-485 application were properly filed.  The principal office of the National Benefit Centers is 427 S. LaSalle, 3rd Floor, Chicago, IL 60605-1098. According to the U.S. Citizenship & Immigration Services' "Case Status Service Online," Plaintiffs' I-130 petition and I-485 application to adjust status are pending with the National Benefits Center.   Defendant Cowan is sued in his official capacity.

6.      Defendant EMILIO GONZALEZ is the Director of the U.S. Citizenship & Immigration Services (hereinafter, "U.S.C.I.S."), an agency within the Department of Homeland Security, which is charged by law with the obligation of adjudicating alien relative petitions and applications for lawful permanent residence such as Plaintiffs'.  Defendant Gonzalez is sued in his official capacity.

7.      Defendant U.S. Citizenship and Immigration Services is the federal agency within the United States Department of Homeland Security which is required under the law to

supervise, implement and enforce the Immigration and Nationality Act, hereinafter "INA." 8 U.S.C. § 1103.

8.      Defendant ROBERT MUELLER III is the Director of the Federal Bureau of Investigation (hereinafter, "FBI"), which has the responsibility of processing security checks/clearances, including a clearance sometimes colloquially referred to as "name checks" as well as fingerprint checks.  Completion of the FBI duties vis á vis an applicant for lawful permanent residence is a prerequisite for the final adjudication of an adjustment application.  Defendant Mueller is sued in his official capacity.

## II. STATEMENT OF FACTS

9.      Plaintiff Said Dandoune is a native and citizen of Morocco who was inspected and admitted into the United States on April 15, 2000 pursuant to an (F-1) student visa. Plaintiff was issued a student visa in order to pursue a Master of Business Administration degree at Oklahoma City University in Oklahoma City, Oklahoma.  However, because Plaintiff Dandoune could no longer afford to pay the university tuition, Plaintiff Dandoune dropped out of the program in or about June 2001.  Plaintiff April Szykeruk, Mr. Dandoune's wife, was born in Vernon, CT and is a citizen of the United States. Plaintiffs were married on January 24, 2003 in Queens, New York.

10.     Plaintiff Szykeruk filed an I-130 Petition for Alien Relative on behalf of Plaintiff Dandoune, who simultaneously filed an I-485 application to adjust status to lawful

permanent residence based on his spouse's petition.  The I-130 petition and I-485 application were received by the U.S.C.I.S. on February 3, 2003 (**Exhibit 3**, I-130 and I-485 Notices of Receipt).

11.     On or about February 8, 2003, Plaintiff dutifully reported to the local office of U.S. Immigration and Customs Enforcement (hereinafter, ICE) at 26 Federal Plaza, New York, New York in order to register pursuant to the National Security Entry-Exit Registration System (NSEERS).   Also known as Special Registration, NSEERS is a program that was put in place after September 11, 2002 requiring that citizens or nationals of certain countries, including Morocco, register with ICE.  Foreign nationals were who required to register under NSEERS include males born on or before December 2, 1986, and who were last admitted to the United States as nonimmigrants on or before September 30, 2002.

12.     At NSEERS registration, Plaintiff advised ICE that he was the beneficiary of a petition for alien relative filed by his spouse, and that he recently filed an application to adjust status which was now pending with U.S.C.I.S.  As the spouse of a United States citizen, Plaintiff Dandoune is considered an "immediate relative" and therefore immediately eligible for an immigrant visa.  ICE nonetheless initiated removal proceedings against Plaintiff and served him with a Form I-862 Notice to Appear, alleging that he was subject to removal from the United States because he did not attend Oklahoma City University during the period of March 15, 2000 to February 8, 2003, and thus had failed to maintain or comply with the conditions of his nonimmigrant status.  (**Exhibit 4**, Form I-862 Notice to Appear).

13.    During NSEERS registration, ICE also seized Plaintiff's passport and Form I-94

Arrival/Departure Card, both of which to this day have not been returned to Plaintiff

Dandoune despite an immigration judge's order administratively closing Plaintiff's

removal proceedings in order to allow the I-130 petition and I-485 application to proceed

to adjudication.  Upon information and belief, Plaintiff's passport and Form I-94 are still

in the custody of U.S.C.I.S.

14.    Pursuant to the Notice to Appear, Plaintiff appeared before Immigration Judge Joanna

Bukzspan at the Executive Office for Immigration Review in New York, New York on

March 18, 2003.  After several court appearances, Judge Bukzspan determined that

Plaintiff was eligible to seek relief from removal based on his spouse's I-130 petition,

and administratively closed removal proceedings on October 15, 2003, to allow

U.S.C.I.S. to adjudicate the I-130 petition and underlying I-485 adjustment application.

(**Exhibit 5**, Order of Immigration Judge).

15.    To that end, U.S.C.I.S. scheduled Plaintiffs for a "Stokes" interview pertaining to the I-

130 petition in June 2004.  Plaintiffs appeared that day at the New York District Office to

go forward with their interview.  However, after waiting several hours, Plaintiffs were

told by an officer that U.S.C.I.S. had lost Plaintiff's file, and therefore were unable to

conduct the interview.

16.    U.S.C.I.S. subsequently re-scheduled Plaintiffs for their "Stokes" interview on June 8,

2005.  On that day, Plaintiffs appeared for their interview, which was conducted by

District Adjudications Officer Lopez.  The interview was held at U.S.C.I.S.' office in

Garden City, New York, which is a sub-office of New York District Office.

17.    At the conclusion of the interview, Officer Lopez advised Plaintiffs that their

immigration case was approvable.  However, the officer stated that because Plaintiff's

security check had not yet been completed, he could not render a final adjudication.

18.    In addition, during the interview, Plaintiff Dandoune saw his original passport and Form

I-94 Arrival Departure Card inside his U.S.C.I.S. file.  When Plaintiff Dandoune

requested Officer Lopez to return both documents, the officer declined, claiming it would

only delay the processing of his case.

19.    More than two years after Plaintiffs were interviewed regarding their immigration case,

the U.S. Citizenship & Immigration Services has yet to render a decision on either the I-

130 petition or the I-485 application.  Plaintiffs have made numerous inquiries to

U.S.C.I.S. with regard to the status of their applications.  In response, the U.S.C.I.S. has

stated that the processing of the I-485 application has been delayed because Plaintiff's

background security checks have not been completed.  Moreover, although background

clearances bear no relationship to the adjudicability of the I-130 petition, it nonetheless

remains unresolved by U.S.C.I.S.

20.    Moreover, it is unclear whether Plaintiffs' I-130 petition and I-485 application are

pending with the New York District Office, which interviewed Plaintiffs regarding their

case, or with the National Benefits Center.  According to the U.S. Citizenship &

Immigration Services' "Case Status Service Online," Plaintiffs' I-130 petition and I-485 a

21.     pplication to adjust status are currently pending with the National Benefits Center.

(**Exhibit 6**, Case Status Online Reports).  Plaintiffs have not been informed by U.S.C.I.S.

which office is actually in possession of their file.

22.     Regardless whether the I-130 petition and I-485 application are pending with the New

York District Office or the National Benefits Center, Plaintiffs' applications have been

pending far longer than the average processing times at either office.  The NBC is

currently adjudicating I-130 petitions that were received by its office on or before March

15, 2007.  (**Exhibit 7**, NBC Processing Dates Posted June 15, 2007).  In addition, the

NBC is adjudicating I-485 applications received by its office on or before March 15,

2007.  Id.  As for the New York District Office, it is currently processing I-485

applications received on or before September 13, 2006.  (**Exhibit 8**, New York City

Processing Dates posted June 15, 2007).

23.     According to its posted processing times, NBC is processing I-130 petitions and I-485

applications within approximately three months of receipt.  Yet, Plaintiffs' I-130 petition

and I-485 application, which were received by the NBC on February 3, 2003, remain

unadjudicated, and are taking approximately 17 times longer than the average I-130

petition and I-485 application filed at NBC.

24.     Likewise, even though Plaintiff Dandoune's I-485 application was filed more than three years and seven months before the date that the New York District Office is currently processing, Plaintiff's application has yet to be adjudicated.

25.     Finally, U.S.C.I.S. should have adjudicated Plaintiff Szykeruk's I-130 petition at the conclusion of their interview on June 8, 2005, irrespective of Plaintiff Dandoune's outstanding background check.  It has long been the policy of the New York District Office to approve an underlying petition where the qualifying family relationship has been established.  This policy was confirmed most recently by the Section Chief of the Adjustment Unit at the New York District Office, Mr. Stephen Rosina.  (**Exhibit 9**, Minutes of District Director – AILA NY Chapter Liaison Meeting, January 31, 2007, p. 6-7).  According to Mr. Rosina, all district adjudications officers are instructed to approve I-130 petitions on the day of the interview if they determine that the petition is approvable, regardless whether the adjustment application is "deficient" for any reason, including unresolved security clearances.  Id.  Moreover, if the I-130 petition is able to be adjudicated on the day of the interview, evidence of the approval should be provided to the beneficiary on Form I-171.  Id. at p. 7.  "[I]n the face of clear evidence of a viable marriage the I-130 petition should be approved."  Id.  This clearly enunciated policy was not followed in Plaintiffs' case.

26.     Plaintiff has made numerous inquiries with U.S.C.I.S. in an attempt to obtain a final adjudication of the I-130 petition and I-485 application.  On April 25, 2006, Plaintiffs' former immigration counsel, Dominick Cardinale, Esq., submitted a letter to U.S.C.I.S.'

Garden City, New York office requesting the status of Plaintiff's applications. (**Exhibit 10**, Letter of Dominick Cardinale, Esq.) Plaintiff never received a response from U.S.C.I.S. to this inquiry.

27.     On July 6, 2006, Plaintiff Dandoune appeared for an "Infopass" appointment at U.S.C.I.S.' office to follow up on the status of his applications. On August 3, 2006, U.S.C.I.S. responded in writing that it had recently sent him an appointment notice and that his case "was currently in suspense until the interview date." (**Exhibit 11**, U.S.C.I.S. Letter dated December 22, 2006. However, it appears that U.S.C.I.S.' response was erroneous, as Plaintiff and his spouse were already interviewed regarding their I-130 petition and I-485 application on June 8, 2005.

28.     On August 29, 2006, Plaintiff Dandoune appeared for an "Infopass" appointment at U.S.C.I.S.' office to follow up on the status of his applications. U.S.C.I.S. responded in a letter dated December 22, 2006 that Plaintiff's case has been delayed because his background security checks were still pending.  (**Exhibit 12**, U.S.C.I.S. Letter dated December 22, 2006).

29.     On September 14, 2006, Plaintiff Dandoune contacted his Congressperson, Carolyn Maloney, to request her office's assistance in obtaining a determination on his application. (**Exhibit 13**, Constituent Information Form and Privacy Release). On September 28, 2006, Congresswoman Maloney sent a letter to the attention of Ms. Linnea Stuart, Supervisory District Adjudications Officer at U.S.C.I.S.' Congressional Liaison

Unit, to request the current status of Plaintiff's applications.  (**Exhibit 14**, Letter from Congresswoman Maloney).  Plaintiff never received a response to this inquiry from U.S.C.I.S.

30.    On February 23, 2007, Plaintiff Dandoune appeared for an "Infopass" appointment at U.S.C.I.S.' office to inquire on the status of his applications.  On March 29, 2007, U.S.C.I.S. responded in writing that his background security checks were not completed and therefore a decision could not be made on his applications.  (**Exhibit 15**, U.S.C.I.S. Letter dated March 29, 2007).

31.    In total, Plaintiff Dandoune estimates that he has gone on approximately 16 "Infopass" appointments with U.S.C.I.S. to inquire on the status of his pending applications.  Despite these diligent efforts, Plaintiffs have been unable to obtain a final resolution from U.S.C.I.S.  Plaintiffs have exhausted all administrative avenues, and have no other relief available to them other than seeking the relief of mandamus before a district court.

## III.  JURISDICTION AND VENUE

32.    This is an action for mandamus and declaratory relief in accordance with the provisions of 28 U.S.C. § 1361 and § 2201.  It is brought for the purpose of determining a question of actual controversy between the parties as more fully explained in the remainder of this complaint.

33.   Jurisdiction of this court is invoked pursuant to the Administrative Procedures Act, 5

U.S.C. §§ 555(b) and 706 <u>et. seq.</u>, in conjunction with the federal question statute, 28

U.S.C. § 1331, this being an action which arises under the Constitution and laws of the

United States, specifically under the provisions of the INA, 8 U.S.C. § 1151, <u>et seq.</u>

Jurisdiction is also invoked pursuant to 28 U.S.C. § 1361, this being an action in the

nature of mandamus to compel officers and employees of an agency of the United States

to perform duties owed to Plaintiffs.  Plaintiffs also allege eligibility for payment of

reasonable attorney's fees under the terms of the Equal Access to Justice Act, 28 U.S.C. §

2412.

34.   Venue properly lies in this Court pursuant to the provisions of 28 U.S.C. § 1391(e), as

this is the judicial district in which a defendant in the action resides, and also where a

substantial part of the events or omissions giving rise to the claim occurred.

## IV.  <u>CLAIMS FOR RELIEF</u>

### A. MANDAMUS

35.   Plaintiffs filed their I-130 petition and I-485 adjustment application, as previously

described hereinabove, with Defendants.  Defendants have accepted the applications,

along with the corresponding filing fees.  Plaintiffs have also submitted all the necessary

documents in support of said applications.  However, through purposeful acts,

negligence, poor management and inattention, Defendants have failed to complete the

ministerial actions that would result in allowing them to adjudicate Plaintiffs' I-130 petition and I-485 application to adjust status.

36. Exhaustive inquiries have been conducted requesting information regarding the current status of said applications as well as for the adjudication of said applications. These inquiries were carried out in accordance with the procedures established by Defendants for such purposes.

37. Defendants have not taken action to complete the applications despite numerous inquiries and requests.

38. Defendants have adjudicated similar I-130 petitions and I-485 applications filed by persons who are not parties to this action and which were filed subsequent to the I-130 petition and I-485 application filed by Plaintiffs.

39. Defendants do not employ any reasonable system to safeguard that: (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and non-preferential basis; or (2) applicants are provided with information on the status of files that have not been adjudicated on a timely basis.

40. Plaintiffs have been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by Defendants' neglect and refusal to take action to adjudicate the pending applications.

41.     Plaintiffs have suffered grievously and continue to suffer irreparable harm as a result of

Defendants' delay and refusal to take action.  With respect to Plaintiff Dandoune, this

harm includes:  an unreasonable delay in acquiring lawful status in the United States and

establishing eligibility for United States citizenship as well as the many benefits, rights,

and privileges of United States citizenship, including <u>inter alia</u>, the right to live in this

country, the right to vote, the right to hold public office, and the right to be considered for

civil service employment; inability to petition other family members; inability to travel

for a significant period of time or relocate; separation from family; and generally,

continuing emotional distress resulting from his unsettled immigration status.  With

respect to Plaintiff Szykeruk, this harm includes the inability to travel outside the United

States with her spouse, and continuing emotional distress resulting from her spouse's

unsettled immigration status.

42.     There is no reasonable basis for Defendants' position and it is not substantially justified

under the law.

43.     Defendants have in their possession all information necessary to complete the

adjudication of Plaintiffs' I-130 petition and I-485 adjustment application.  Defendants'

refusal to complete this administrative processing is a disregard of their official duty and

Plaintiffs are wholly without remedy, under the circumstances, unless mandamus is

ordered by this Court.

**B. VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

44.     Plaintiffs re-allege and incorporate by reference the allegations set out in paragraphs 1
through 43, inclusive, of this Complaint as though fully set forth herein.

45.     The Administrative Procedure Act (APA) provides categorically that every agency "shall
within a reasonable time...proceed to conclude any matter presented to it." 5 U.S.C. §
555(b).  In recognition that a failure or unwarranted refusal to adjudicate should be
enjoined, Congress provided in 5 U.S.C. § 706 et. seq. that courts may review the
inaction of an agency and specifically "compel agency action unlawfully withheld or
unreasonably delayed."  Likewise, the court may "set aside agency action...found to
be...arbitrary, capricious, and abuse of discretion...(or) contrary to constitutional right,
power, privilege or immunity." 5 U.S.C. § 706 et. seq.

46.     Courts may find unwarranted agency inaction tantamount to denial of an application
pending before an agency. 5 U.S.C. § 555(e).

47.     Defendants' conduct in processing Plaintiffs' I-130 petition and I-485 application, as
described in the aforementioned allegations, is capricious and arbitrary and results in
severe and unwarranted delay to Plaintiffs in conferring valuable immigration benefits.
The delay so incurred is tantamount to a violation of the Administrative Procedure Act, 5
U.S.C. § 555(b) and (e), § 702 and 706 et. seq.  Plaintiffs have suffered and continue to
suffer severe irreparable injury for which there is no adequate remedy at law.

## V.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

48.     That judgment be entered ordering Defendants to forthwith adjudicate Plaintiffs' I-130

petition and I-485 adjustment application;

43.     That Defendants be permanently enjoined from refusing to communicate with attorneys

for Plaintiffs regarding the status of the case;

44.     That Defendants be ordered to pay the cost of suit herein;

45.     That Defendants be ordered to pay Plaintiffs' reasonable attorney's fees for this action;

46.     That the Court grant such other and further relief as it may deem to be necessary and

proper.

Respectfully submitted,

Dated: July 3, 2007          /s/ Tsui H. Yee
                             Tsui H. Yee
                             TY3793
                             Yee & Durkin, LLP
                             74 Trinity Place, Suite 1301
                             New York, NY 10006
                             (212) 748-3336
                             ATTORNEY FOR PLAINTIFFS